Honorable Michael R. Hogan

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOHN BENJAMIN, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOUGLAS RIDGE RIFLE CLUB, an Oregon non-profit social organization,<br><br>　　　　　Defendant. | Civil No. 3:07-CV-1144-HA<br><br>**CONSENT DECREE** |

## BACKGROUND

Plaintiff John Benjamin ("Benjamin" or "Plaintiff") and Defendant Douglas Ridge Rifle Club ("Douglas Ridge" or "Defendant") (collectively the "Parties") enter into the following Consent Decree.

WHEREAS, in 2007, Benjamin filed a citizen suit with the United States District Court, District of Oregon, entitled *John Benjamin v. Douglas Ridge Rifle Club*, Case No. 3:07-CV-1144-HA (collectively the "Litigation"). The Complaint in the Litigation seeks declaratory and injunctive relief, civil penalties, and attorneys' fees and costs for alleged violations of the Clean

Water Act ("CWA"), 33 U.S.C. §§ 1311, 1365; Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6925, 6972, United States Environmental Protection Agency (EPA) regulations, 40 CFR Parts 264, 268 and similar Oregon laws. The Complaint also alleges violations of the Oregon public nuisance law, ORS 196.825 and 196.855.

WHEREAS, Douglas Ridge filed its Answer to the Complaint, denying any liability for any of the alleged claims, and continues to deny any such fault, wrongdoing, or liability.

WHEREAS, Douglas Ridge and the Oregon Department of Environmental Quality ("DEQ") entered an Order on Consent, DEQ No. LQSR-NWR-09-06 ("Consent Order") in 2009 providing for DEQ review, approval and oversight of certain Douglas Ridge activities on its property at 27787 Highway 224, Eagle Creek, Oregon 97022 ("Property"). This Consent Order is Exhibit A to this Consent Decree.

WHEREAS, Douglas Ridge and the Director of the Oregon Department of State Lands ("DSL") entered a Consent Agreement ("Consent Agreement") in 2009 providing for DSL review, approval and oversight of certain Douglas Ridge activities at the Property. This Consent Agreement is Exhibit B to this Consent Decree.

WHEREAS, on May 6, 2010, Douglas Ridge and Benjamin participated in a court-ordered settlement conference with Judge Michael R. Hogan of the United States District Court of Oregon and reached a global settlement of the Litigation ("Global Settlement").

WHEREAS the Parties have negotiated in good faith and at arm's length, and desire to resolve the Litigation in a manner that is fair, just, and reasonable, and in the best interests of the Parties and the public interest.

WHEREAS, the Parties agree that the Global Settlement as reflected in this Consent Decree is consistent with the goals of the CWA and RCRA, the similar Oregon laws and Oregon's public nuisance law and also agree that the entry of this Consent Decree without further litigation is the most appropriate means of resolving this matter.

WHEREAS, Benjamin and Douglas Ridge and their respective counsel consent to entry of this Consent Decree without trial, adjudication, or admission of any issue of fact or law with

respect to this Litigation and Benjamin's sixty-day notices that preceded the filing of this Litigation, and Benjamin's ninety-day notice that was filed under 42 USC § 6972 during this Litigation.

NOW THEREFORE, with the full and complete consent of the Parties to this Decree, it is: ORDERED, ADJUDGED, AND DECREED:

## JURISDICTION

1. This Court has jurisdiction over the Parties and subject matter of this Consent Decree.

2. The Parties recognize that no consent judgment may be entered in a CWA suit brought under 33 U.S.C. § 1365 in which the United States is not a party, prior to forty-five days following the receipt of a copy of the proposed consent judgment by the United States Attorney General and the Administrator of EPA. Therefore, upon the signing of this Consent Decree by the parties, Plaintiff will serve a copy of this Consent Decree (together with Exhibits A and Exhibit B) upon the Attorney General and the Administrator of the EPA, and provide notice to the Court, in the manner provided by 40 C.F.R. § 135.5.

## PARTIES BOUND

3. The undersigned representatives for each Party certifies that he or she is fully authorized by the Party who he or she represents to enter into this Consent Decree and legally to bind the Party or Parties and their successors in interest to it.

4. This Consent Decree shall apply to, and be binding upon, the Parties, and upon the officers, directors, employees, agents, members, successors and assigns (if any) of the Parties.

## SETTLEMENT OF CLAIMS

5. This Consent Decree is intended to be and shall constitute the exclusive remedy and a full and complete settlement of the claims alleged in the Complaint in this Litigation and all other known and unknown claims existing as of the date of entry of this Consent Decree (through the date the obligations specified in paragraph 3 of this Consent Decree are completed) that could be asserted by Plaintiff (before any Court or other federal, state or local governmental body) against Douglas Ridge, its board, officers, members, employees, consultants and insurer

St. Paul Fire and Marine Insurance Company ("St. Paul") arising from conditions or operations at, or originating from, the Property, which claims are released and dismissed with prejudice. The Parties' exclusive remedy for any violation of the terms of this Consent Decree shall be enforcement of this Consent Decree before Judge Michael R. Hogan.

6. This Consent Decree is a settlement of disputed facts and law, and shall not constitute evidence in any legal proceeding of an admission of or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or an admission or evidence of any wrongdoing or misconduct on the part of Douglas Ridge or any successor.

### ACTIVITIES AT DOUGLAS RIDGE PROPERTY

7. In full and complete satisfaction of the claims covered by this Consent Decree, Douglas Ridge agrees to comply with the terms and conditions in this Consent Decree.

8. Douglas Ridge agrees to request and to do its utmost in good faith to obtain an amendment to the DEQ Consent Order to add to that Order the following requirements:

    a. That Douglas Ridge, will under a plan approved by DEQ, perform lead shot, bullet, and bullet fragment recovery during year one (the first 365 days after entry) of this Consent Decree on all shooting impact berms (which are the 200-yard impact berm and the 100-yard impact berm for the 100/200 Yard Range; the upper impact berm and the lower impact berm for the Known Distance Range; and target berms #1, #2, #3, #4, #5, #6, #7 and #8 for the Silhouette Range), as well as the side of the safety berm for the 100/200 Yard Range and Known Distance Range which is immediately adjacent to the right side of what Douglas Ridge calls the Corps Ditch and what Benjamin calls the Corps Creek (hereafter in this Consent Decree referred to as the "Corps Feature") when facing north;

    b. That Douglas Ridge will perform an annual evaluation starting in the year after paragraph 8.a is performed to determine if lead shot, bullet, and bullet fragment recovery from the berms listed in paragraph 8.a is warranted and will submit the

evaluation to DEQ for review and approval (if DEQ requires approval );

  c. That Douglas Ridge will conduct sediment removal and appropriate management of the removed sediment from the Corps Feature to a depth determined by DEQ under a work plan reviewed and approved by DEQ;

  d. That Douglas Ridge will sample and analyze sediment and water in the Corps Feature after Douglas Ridge has performed the removal described in paragraph 8.c and provide the analytical results to DEQ for review and approval (if DEQ requires approval );

  e. That Douglas Ridge will, after Douglas Ridge has performed the sampling and analysis described in paragraph 8.d, sample and analyze sediment and water in the Corps Feature according to a frequency reviewed and approved by DEQ and will provide the analytical results to DEQ for review and approval by DEQ (if approval is required); and

  f. That Douglas Ridge may install a shotgun curtain engineered to capture shot, with the proposal to be subject to review and approval by DEQ (if DEQ requires approval) as well as any other required permitting agencies, and such a shot curtain will be in place and functional before sporting clays shotgun shooting, the 5 stand, the tower, and/or trap shotgun shooting is re-commenced, provided, however, that if a shot curtain is not capable of being engineered properly or cannot be approved by DEQ or permitted at the particular location, then the shot gun shooting will not be allowed at that location unless and until the shot curtain can be subsequently engineered properly and is approved by DEQ (if DEQ requires approval) and permitted by any other required permitting agencies.

  9. Douglas Ridge acknowledges that the additions to the DEQ Consent Order created by this Consent Decree are not in any way to be construed as limits on DEQ authority under the Consent Order.

  10. Douglas Ridge, will within six (6) months of the effective date of the Consent

Decree, complete the removal of fill material described in the DSL Consent Agreement between Wetland F and Wetland G (as those wetlands are identified in the ICF Jones & Stokes Wetland Delineation Report issued October 2008) which includes restoring the natural contour of the land and planting native vegetation.

11. Douglas Ridge will request and do its utmost in good faith to obtain an amendment to the DSL Consent Agreement or to obtain a written confirmation that the DSL Consent Agreement requires that Douglas Ridge monitor the native vegetation described in Paragraph 10 of this Consent Decree (and replace it as needed) annually for five years in order to re-establish native vegetation .

12. Douglas Ridge will sample and analyze the fill material removed under paragraph 10 of this Consent Decree, under DEQ's oversight, and manage the removed fill material in compliance with Oregon law.

13. Douglas Ridge will request from DSL, as either an amendment to the DSL Consent Agreement or as an independent action, that DSL either (a) conduct a wetland delineation for the entire Douglas Ridge property, or (b) do a concurrence review of existing delineations and wetland related data for the Douglas Ridge property including, but not limited to, (i) the ICF Jones & Stokes reports previously issued to Douglas Ridge and provided to Benjamin in the Litigation , (ii) the Wetland related reports or determination previously issued by PBS Environmental & Engineering to Benjamin and provided to Douglas Ridge in the Litigation, (iii) any other information required by DSL during the delineation or concurrence process, and (iv) the previous and any further DSL inspections of the Property. A copy of the Douglas Ridge request to DSL will be concurrently provided to Benjamin as provided in paragraph 24.

14. Douglas Ridge acknowledges that any additions to the DSL Consent Agreement created by this Decree are not in any way to be construed as limits on DSL authority under the Consent Agreement.

## PAYMENTS

15. Within thirty (30) days of the effective date of this Consent Decree, Douglas Ridge will make a payment in the amount of $5,000 to the United States Treasury as a payment pursuant to this Consent Decree. Douglas Ridge will file proof of said payment concurrently with the Court and at the same time provide a copy to plaintiff and counsel for plaintiff.

16. Within thirty (30) days of the effective date of this Consent Decree, Douglas Ridge will pay $10,000 for a Supplemental Environmental Project for habitat restoration or enhancement in the Clackamas River or in Deep Creek to a non-profit organization or governmental agency which Benjamin and Douglas Ridge mutually select. Douglas Ridge will file proof of said payment concurrently with the Court and at the same time provide a copy to plaintiff and counsel for plaintiff.

17. Within thirty (30) days of the effective date of this Consent Decree, Douglas Ridge through Cable Huston Benedict Haagensen & Lloyd LLP will pay Benjamin $130,000 by Certified or Cashiers check payable to Benjamin and delivered to the Law Office of Karl G. Anuta, P.C., 735 SW First Avenue, Second Floor, Portland, Oregon 97204. This payment shall constitute full and complete satisfaction of any claims Plaintiff may have for attorney fees and costs including payment for the $150,000 of fees and costs Plaintiff alleged he incurred. Douglas Ridge will file proof of said payment concurrently with the Court.

## FORCE MAJEURE EVENT

18. If any Force Majeure Event that Douglas Ridge is unable to overcome or to avoid with reasonable diligence causes a delay in complying with this Consent Decree within the time periods specified herein, such delay shall not constitute a failure to comply with the terms of this Consent Decree within the time frames specified herein, provided that Douglas Ridge submits written notification to Plaintiff no later than fifteen (15) days after the date that Douglas Ridge first concludes that such event has caused or will cause a delay in complying with this Consent Decree. Such notice to Plaintiff shall describe the length or anticipated length of the delay, the

circumstances causing the delay, the measures taken or to be taken to prevent or to minimize the delay, and a schedule for implementation of the measures to be taken.

19. A "Force Majeure Event" includes, but is not limited to:

    a. Acts of God, war, insurrection, or civil disturbance;

    b. Earthquakes, landslides, fire, floods;

    c. Actions or inactions of third parties over which Douglas Ridge has no control;

    d. Adverse weather conditions or unusual delay in transportation;

    e. Strikes; and

    f. Any other litigation or arbitration or mediation that causes delay.

20. In the event that Douglas Ridge fails to comply or anticipates failing to comply with this Consent Decree within the time periods specified herein because of a Force Majeure Event and has notified Plaintiff as provided in this Consent Decree, Douglas Ridge's failure to comply will not be a violation of this Consent Decree and will not result in any liability or other sanctions. In such event, the time period(s) will be extended for a reasonable time following the Force Majeure Event.

## DISPUTE RESOLUTION

21. Judge Michael R. Hogan of the United States District Court, District of Oregon has continuing authority to enforce this Consent Decree. Any alleged violation of any of the terms or other obligations of the Parties under this Consent Decree will be presented to Judge Hogan for resolution under federal and Oregon law, including, without limitation, any factual findings necessary to determine the alleged violation. Remedies for any violation will not be limited in any way. The Parties agree that Judge Hogan has the full authority available under the CWA, RCRA or other provisions of federal or Oregon law to issue any orders or remedies that Judge Hogan deems appropriate, including but not limited to, orders directing the non-complying Party to comply with the Consent Decree. The Parties agree that Judge Hogan may use whatever processes or procedures he deems appropriate to address requests for his assistance. Judge Hogan's decisions regarding any violation or interpretation of the Consent Decree will be

enforceable by the United States District Court of Oregon and the Parties agree that any such order(s) will not be subject to appeal.

22. Judge Hogan retains jurisdiction over this matter until termination of all the obligations in this Consent Decree. Requests for assistance by either Party or both Parties may be presented to Judge Hogan without a filing fee and the Parties are allowed to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance with, or resolve any dispute regarding the terms or conditions of this Consent Decree.

23. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the Parties will first attempt to resolve the dispute informally either through meetings between the Parties or by letter or email. Either Party may initiate dispute resolution by sending written notice of a request for resolution to the other Party and his or its counsel of record. If the Parties do not reach a resolution of the dispute within twenty-one (21) days from the date that the notice of dispute is sent, either of the Parties may present the dispute to Judge Hogan by written submission, using what ever process Judge Hogan deems appropriate.

## NOTICE

24. Notification to Benjamin or Douglas Ridge under this Consent Decree will be deemed submitted on the date it is postmarked. Notifications required by this Consent Decree to be made to Benjamin will be sent to:

>    Karl Anuta
>    Law Office of Karl G. Anuta, P.C.
>    735 SW First Avenue, Second Floor
>    Portland, Oregon 97204
>    Email: kga@integra.net

>    John Benjamin
>    1537 NE 141st Ave.
>    Portland, Oregon 97230

Notifications required by this Consent Decree to be made to Douglas Ridge will be sent to:

> Kevin Kiely/Don Haagensen
> Cable Huston Benedict Haagensen & Lloyd LLP
> 1001 SW Fifth Avenue, Suite 2000
> Portland, Oregon
> 97204-1136
> Email: kkiely@cablehuston.com/dhaagens@cablehuston.com
>
> **Stan Pate, President**
> Douglas Ridge Rifle Club
> P.O. Box 307
> Boring, Oregon 97009
> Email: onekmeters@msn.com

Upon reasonable notice, either Party may substitute a new name and address for purposes of this paragraph of this Consent Decree.

## NONDISPARAGMENT

25. Douglas Ridge and Benjamin agree that, following the signing of this Consent Decree by both Parties, neither Party nor their Board members nor their past and present officers will make any oral or written disparaging or untrue communications to any person or private or governmental entity which are intended to and have the effect of damaging the reputation or property of the other Party or their Board members or their past or present officers, provided however, that nothing in this clause otherwise limits the rights of either of the Parties to participate in and to comment during any public agency proceeding or process, or the rights of either of the Parties to provide a copy of this Consent Decree to any interested person. The Parties further agree that in order to assert a violation of this clause of the Decree, the Party asserting the violation must provide to Judge Hogan tangible evidence of the claimed violation.

## GENERAL PROVISIONS

26. The effective date of this Consent Decree is the date it is entered as a final judgment by the Court.

27. The terms of this Consent Decree may be modified only upon the written consent of the Parties and the approval of the Court, or unless otherwise ordered by the Court in conformance with prevailing law. Informal agreements to extend any time period in this Consent Decree will not be construed as a material change of the terms of the Consent Decree requiring approval of the Court, as long as such agreements are memorialized and made by written agreement(s) between the Parties.

28. If for any reason the Court should decline to approve this Consent Decree in the presented form, or if the United States Attorney General or Administrator of EPA provides comments on the presented form that indicate a need for a change to the language in the presented form, the Parties agree to try to negotiation a speedy resolution of such issues in a good faith attempt to cure any objection raised by the Court to the entry of this Consent Decree or if necessary to address any comments provided by the United States Attorney or Administrator of EPA.

29. The Court will retain jurisdiction over this Litigation until the termination of this Consent Decree, in order to enforce the terms and conditions, modify, and resolve any disputes arising under this Consent Decree.

30. This Consent Decree shall not supersede and dissolve any prior limitations on disclosure of information obtained during this Litigation other than the documents described in paragraph 13 may be provided to DSL.

## TERMINATION

31. The obligations in this Consent Decree, other than those in paragraphs 5, 6, 21, 22, 23, 24, 25, 26, 27, 29, 30 and 31, shall terminate thirty (30) days following completion of the actions in paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of this Consent Decree. The Parties thereupon shall file a stipulation stating that the terms of this Consent Decree have been satisfied.

## ORDER

32. Upon consideration of the foregoing, this Court finds that this Consent Decree is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good

faith, and in the public interest. This Consent Decree is approved and will constitute the final judgment between Benjamin and Douglas Ridge. The Court finds there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

IT IS SO ORDERED THIS ____ DAY OF ____ 2010.

                                                Michael R. Hogan
                                                United States District Court Judge

The UNDERSIGNED PARTIES enter into this Consent Decree:

FOR PLAINTIFF JOHN BENJAMIN

_John Benjamin_ /s/ John Benjamin  June 8, 2010             /s/   6-10-10

Karl G. Anuta
Law Office of Karl G. Anuta, P.C.,
735 SW First Avenue, Second Floor,
Portland, Oregon 97204

Erin Madden
Cascadia Law P.C.
2716 SE 23rd Avenue
Portland, OR 97202

FOR DEFENDANT DOUGLAS RIDGE RIFLE CLUB

/s/ Stan Pate  6/15/10

Stan Pate
President

Page 12 – CONSENT DECREE

faith, and in the public interest. This Consent Decree is approved and will constitute the final judgment between Benjamin and Douglas Ridge. The Court finds there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

IT IS SO ORDERED THIS ____ DAY OF ____ 2010.

                                                          Michael R. Hogan
                                                          United States District Court Judge

The UNDERSIGNED PARTIES enter into this Consent Decree:

FOR PLAINTIFF JOHN BENJAMIN

John Benjamin

Karl G. Anuta
Law Office of Karl G. Anuta, P.C.,
735 SW First Avenue, Second Floor,
Portland, Oregon 97204

*[signature]*
Erin Madden
Cascadia Law P.C.
2716 SE 23rd Avenue
Portland, OR 97202

FOR DEFENDANT DOUGLAS RIDGE RIFLE CLUB

Stan Pate
President

Page 12 – CONSENT DECREE

*[signature]*

Kevin Kiely
Chad Stokes
Cable Huston Benedict Haagensen & Lloyd LLP
1001 SW Fifth Avenue, Suite 2000
Portland, Oregon
97204-1136